IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PHILLIP ALVIN JONES,                 *

  v.                                    * CIVIL ACTION NO. JFM-12-2337

JAMES V. PEGUESE, WARDEN, et al.,     *
                                        ******

**MEMORANDUM**

On August 7, 2012, the court received Phillip Alvin Jones's petition under 28 U.S.C. § 2254, attacking his conviction for conspiracy to commit murder and related offenses entered in 1991 by the Circuit Court for Baltimore City. ECF No. 1. On December 13, 2012, respondents filed an answer which solely addresses the timeliness of petitioner's application. ECF No. 9. Petitioner was advised of his opportunity to file a reply, ECF No. 11, and has done so. ECF No. 12.

Petitioner was convicted by the Circuit Court for Baltimore City, of conspiracy to commit murder, two counts of attempted murder and related offenses. ECF No. 9, Exs. 1-3. He was sentenced on June 13, 1991, to two concurrent life terms for conspiracy to commit murder and attempted first degree murder, a consecutive 20 year term of imprisonment for a handgun offense, and a concurrent 20 year term of imprisonment for attempted second degree murder. *Id.,* Ex. 1-3. Petitioner noted a timely appeal. His judgment and conviction were affirmed by the Court of Special Appeals of Maryland on March 20, 1992. Petitioner's request for further review was denied by the Court of Appeals of Maryland on July 17, 1992. *Id.*, Ex. 5. He did not seek further review in the United States Supreme Court.

1

On October 22, 1996, petitioner submitted a collateral attack on his conviction pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, *et seq*. *Id*., Ex. 1 & 3. The petition was denied on April 7, 1997. Petitioner filed an application for leave to appeal, challenging the denial of post-conviction relief which was denied by the Court of Special Appeals on June 25, 1997. *Id*., Ex. 1 & 3.

On September 8, 1997, petitioner filed a motion for reduction of sentence. *Id*. Ex. 1. On May 8, 1998, an order denying a motion to reopen post-conviction relief was entered. That order became final on June 8, 1998. *See* Md. Rule 8-204(b) (application for leave to appeal to be filed within 30 days after entry of judgment or order from which appeal is sought).

On March 28, 2001, petitioner filed a petition for writ of error coram nobis. *Id*., Ex. 1. The petition, treated as a request for post-conviction relief, was denied on July 11, 2001. Petitioner did not file an application for leave to appeal the ruling. The order thus became final on August 10, 2001. Md. Rule 8-204(b).

Petitioner again filed for post-conviction relief on February 11, 2005, raising, inter alia, allegations of newly discovered evidence and non-disclosure of exculpatory evidence. The petition was denied on October 29, 2007. *Id*., Ex. 1 & 3. Petitioner's application for leave to appeal was summarily denied by the Court of Special Appeals on March 6, 2008. The court's mandate issued on April 7, 2008. *Id*., Ex. 1 & 4.

Title 28 U.S. C. § 2244(d)[1] provides a one-year statute of limitations in non-capital cases for

---

[1] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

2

those convicted in a state case. Although the statute is silent as to how it should be applied to persons such as petitioner whose convictions were finalized before April 24, 1996, it is now clearly established that such persons had one year from the effective date, i.e., until April 23, 1997, to file a petition for writ of habeas corpus in federal court. *See Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

In *Holland v. Florida,* --- U.S. ----, 130 S.Ct. 2549 (2010), the Supreme Court concluded that equitable tolling applies to the statute of limitations imposed in habeas actions. *Id*. at 2554. Specifically, the Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id*. at 2562. The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir.

---

The limitation period shall run from the latest of-

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2000).[2]

Petitioner had no post- conviction or other properly filed collateral proceedings pending in state court which would serve to toll the limitations period from: 1) June 8, 1998 to March 28, 2001 (over two years); 2) August 10, 2001 to February 11, 2005 (over three years); and 3) April 7, 2008 to August 7, 2012, (over four years).

Petitioner indicates that after his application for leave to appeal the denial of post-conviction relief was summarily denied on June 11, 2008, his attorney "removed himself from representation of petitioner, without notice."[3] ECF No. 12. In further support of his claim for equitable tolling, petitioner indicates that in May of 2005, he was transferred to Washington State where he did not have access to Maryland legal materials. *Id.* In support of his claim, petitioner has provided copies of letters demonstrating his efforts to both obtain access to Maryland legal materials and contact his attorney regarding the status of his case. ECF No. 1, Attachments.

Petitioner has provided copies of "Inmates' Kite" dated June, July, August, and September, 2006 requesting from the Washington State law library access to Maryland legal materials concerning the appellate process. *Id*. & ECF No. 1, Ex. D. On August 22, 2006, Wanda Heiman, the Law Librarian at the Washington State Penitentiary, notified petitioner that Washington State had been unable to obtain the requested Maryland state materials and was not legally obligated to

---

[2] *See also Lusk v. Ballard*, 2010 WL 3061482 (N.D.W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)

[3] Petitioner offers no evidence that counsel was retained to represent him beyond state post-conviction proceedings. Under Maryland law, where the Court of Special Appeals summarily denies review, the Court of Appeals has no jurisdiction over the case. *See* Md. Code Ann., Crim Proc. Art., § 7-109; Md. Code Ann. Cts. & Jud. Proc. Art. § 12-202(1); *see also Sherman v. State*, 593 A.2d 670 (Md. 1991) (Court of Appeals has no certiorari jurisdiction to grant post-conviction relief when Court of Special Appeals has simply denied application for leave to appeal in post-conviction proceeding); *Stachowski v. State*, 6 A.3d 907, 920 (Md. 2010) (Court of Appeals' certiorari jurisdiction only applies when the Court of Special Appeals rendered a decision on the merits or the viability of the appeal or the status or rights of a party). In short, there was nothing further for post-conviction counsel to file on

4

provide them. Petitioner was advised to contact Maryland officials. He was further advised that Heiman could assist him in obtaining appropriate Maryland addresses as well as in obtaining specific federal statutes and case law. ECF No. 1, Ex. D. It is noted that at this time, petitioner was represented by counsel.

The next set of documents provided by petitioner are from 2010. On July 18, 2010, petitioner wrote to Heiman seeking copies of three Maryland cases as well as Maryland Parole Commission Policy and Procedure and Maryland Division of Correction Commitment Manual. *Id*. Petitioner has provided a "kite" sent back to him indicating that he needed to physically come to the law library to obtain Heiman's assistance. The note indicated that the librarian had put him on "call out" several times but had yet to talk to him. Shortly thereafter, Heiman sent an email requesting the materials petitioner had requested through interlibrary loan. The other "kite" provided by petitioner is dated May 11, 2010; therein, he offers to pay return postage in order to be able to use the Maryland Court Rules. *Id*.

Petitioner has also provided copies of two letters written to his post-conviction attorney. One is dated December 15, 2008, the second July 12, 2009. The first inquires as to the status of his appeal of the denial of post-conviction relief. Petitioner indicates in that letter his mistaken belief that he has 30 days after the denial of post-conviction relief to "appeal" to the federal court. The second letter, some seven months after the first, asks whether counsel has "thrown in the towel" and seeks a recommendation on how to proceed with his case on his own. *Id*. On June 3, 2012, petitioner filed in the Circuit Court for Baltimore City a motion to compel the Maryland Division of Correction to provide him with legal materials. *Id.*

---

petitioner's behalf in the state court.

To the extent petitioner blames his late filing on allegedly ineffective assistance of counsel, he provides no grounds for equitable tolling. As a general matter, ineffective assistance of counsel does not warrant equitable tolling. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002), *cert. denied*, 539 U.S. 933 (2003), citing *Harris*, 209 F.3d at 331; *but see, Maples v. Thomas*, _ U.S. _, 132 S. Ct. 912, 922 (2012) (finding cause for procedural default where attorney "abandons his client without notice, and thereby occasions the default."); *Holland*, _U.S. _, 130 S.Ct. 2549 (2010) (remanding to determine whether ineffective assistance warranted tolling in view of diligence exercised by inmate.). Equitable tolling based upon attorney negligence may be available in cases that are more egregious than a "garden variety claim of excusable neglect." *United States v. Oriakhi*, No. 08–8224, 2010 WL 3522005, at *1 (4th Cir. Sept. 10, 2010) (unpublished) (citing *Holland v. Florida*, 130 S.Ct. at 2562–65).

In this case, petitioner fails to provide any evidence to corroborate his otherwise conclusory allegations that counsel abandoned him at the conclusion of his state post conviction proceedings. There is nothing in the record to demonstrate counsel hindered petitioner from filing his petition as a pro se litigant. It is uncontroverted that petitioner was generally aware of a limitations period for filing his federal claim. Petitioner wrote to counsel in 2008 inquiring as to the time constraints on filing a federal claim, erroneously indicating a 30 day window to come into federal court. Unlike petitioner in *Holland,* this is not a capital case and there is no indication that state post-conviction counsel had been retained or volunteered to represent petitioner in pursuing federal habeas relief. Rather, it appears that counsel had agreed to represent petitioner in reopening state post-conviction proceedings. When those proceedings concluded, counsel's representation ceased. To be sure, counsel had an ethical and professional obligation, which he appears to have breached, to advise

6

petitioner when the application for leave to appeal was filed and when it was denied. Petitioner, however, fails to provide any causal connection between counsel's alleged deficiencies and his eventual filing of this §2254 petition more than four years after the conclusion of his second state post-conviction proceeding. A petitioner's ignorance of the legal process or unfamiliarity with the law does not support equitable tolling. *Harris*, 209 F.3d at 325; *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). There were no "extraordinary circumstances" beyond petitioner's control preventing him from complying with the statutory time limit. *See Rouse*, 339 F.3d at 246. Accordingly, there is no basis for equitable tolling.

Further, petitioner's out of state transfer does not present the "rare instance" when it would be unconscionable to enforce the limitations period. *See Dodd v. United States*, 365 F.3d 1273, 1282–83 (11th Cir. 2004) (prison conditions, such as transfers, lockdowns, or misplacement of legal papers, do not generally provide a basis for equitable tolling); *U.S. v Anderson*, 238 F.3d 415 (unpublished) (4th Cir. 2000) (affirming district court determination that inmate's transfer among various penal institutions did not present "rare instance" required for equitable tolling). Petitioner never notified this court that he was having difficulty meeting the deadline.

Insofar as petitioner attributes his late filing to inadequate prison law library access or legal resources, he neither demonstrates exceptional circumstances nor states the particular time periods when he was unable to access materials. *See Tucker v. Kingston*, 538 F.3d 732, 734–35 (7th Cir. 2008) (holding lack of legal expertise and limited access to prison law library do not constitute grounds for equitable tolling). To the contrary, the information provided by petitioner shows a lack of diligence on his behalf in accessing legal materials in that he allowed years to pass between his efforts to access the sought after materials. Moreover, petitioner made no apparent effort to contact

7

any federal court to discern the applicable statute of limitation, nor did he contact the Maryland appellate court to determine whether his application had been filed or decided, or what if any further action was required of him. Petitioner is seeking extraordinary relief on the basis of ordinary inconveniences inherent to incarceration, which provide no grounds for tolling.

Petitioner's self- represented status and any attendant lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation). In short, the court does not find petitioner's arguments for equitable tolling compelling. *See Rouse v. Lee*, 339 F.3d 238, 248-249 (4th Cir. 2003) (negligent mistake by party's counsel in interpreting AEDPA statute of limitations does not present extraordinary circumstances warranting equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 18 (2nd Cir. 2000) (*pro se* status does not establish sufficient ground for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171-173 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); *Francis v. Miller*, 198 F.Supp.2d 232, 235 (E.D. N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling).

In light of the foregoing, the petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant…If the court issues a certificate, the court must state the specific issue or

8

issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. Petitioner does not satisfy this standard, and the court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts.

A separate Order follows.

   May 10, 2013                                                                  /s/
Date                                                                      J. Frederick Motz
                                                                           United States District Judge